10-5282-cr
United States v. Teron

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT:
        PIERRE N. LEVAL,
        ROBERT D. SACK,
        PETER W. HALL,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                            *Appellee,*

        v.                                          10-5282-cr

PEDRO TERON,
                            *Defendant-Appellant.*

_____

FOR APPELLEE:                       HARRIS M. FISCHMAN, Assistant United States
                                    Attorney, Of Counsel (Iris Lan, Assistant United
                                    States Attorney, Of Counsel, *on the brief*) for Preet
                                    Bharara, United States Attorney for the Southern
                                    District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:            ROBERT A. SOLOWAY, Rothman, Schneider,
                                    Soloway & Stern New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Pedro Teron appeals from a judgment of conviction following a jury trial in which he was found guilty of violating 18 U.S.C. § 922(g)(1) — being a felon-in-possession of a firearm.  He asserts the trial court erred in two of its evidentiary rulings.  First, the district court excluded cross-examination of a police sergeant regarding a Civilian Complaint Review Board's ("CCRB") determination that an unrelated complaint against him was substantiated.  Second, the district court admitted out-of-court statements concerning the vehicle from which the firearm was recovered.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the district court's evidentiary rulings for abuse of discretion.  *United States v. Figueroa*, 548 F.3d 222, 226 (2d Cir. 2008).  A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N. Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

The district court has discretion to allow cross-examination regarding "specific instances of conduct" under Federal Rule of Evidence 608(b) if the conduct is "probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b).  A trial judge, however, may "impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Teron contests the district court's limitation of his cross-examination of Sergeant Clements regarding a complaint, unrelated to the present case, that Clements had engaged in an improper search—a complaint the CCRB determined was substantiated. Teron argues the court should have inferred that the CCRB, in reaching its decision in that proceeding, made an adverse credibility determination about Clements and thus cross-examination concerning the CCRB proceeding would have been probative of Clements's truthfulness. Although the CCRB investigator's report notes that "Clements's account of the incident was not credible," the CCRB did not make any findings with respect to Sergeant Clements's credibility and did not specifically adopt the investigator's report. Indeed, each voting CCRB member left blank that section of the voting form in which "other misconduct" could be recorded. There is no basis to infer that the CCRB adopted the investigator's statements regarding Sergeant Clements's credibility when it voted to substantiate the improper search. The district court did not abuse its discretion under Fed. R. Evid. 608(b) by limiting this area of inquiry on cross-examination.[1]

Teron also argues that the district court should have excluded three out-of-court statements because they constituted hearsay and because they did not rebut any attack he made on the government's investigation. The out-of-court statements in question were made by persons who had said that the vehicle in which the firearm was found belonged to Teron's aunt and that Teron was known to borrow it. The government introduced those out-of-court statements in response to general assertions of police ineptitude made in Teron's opening

---

[1] Given our disposition, we need not address Appellant's arguments that the evidence was not overly prejudicial and was not hearsay. *See* Fed. R. Evid. 403 and 803(8)(c).

3

statement in order to show the officers's state of mind when they decided not to investigate further who owned the vehicle. Notably, the district court followed the testimony concerning each out-of-court statement with a limiting instruction to the jury that its members should consider the statements as relevant to proving background[2] and the officers's state of mind, and not for the truth of the matters asserted. Because Teron opened the door in his opening statement, it was not an abuse of discretion to admit the statements as evidence to rebut the challenge to the police officer's competency in conducting the investigation. *Cf. United States v. Forrester*, 60 F.3d 52, 60 (2d Cir. 1995) (An out-of-court statement, which otherwise would be excluded as hearsay, can still be admitted if "the defense had invited the use of hearsay in order to counter a suggestion of wrongdoing on the part of the investigators."). Moreover, any error in admitting the statements was harmless beyond a reasonable doubt, *see Van Arsdall*, 475 U.S. at 684, because Teron was permitted to introduce evidence which he thought clearly informed the jury that the out-of-court statements were not true. That, coupled with the court's limiting instructions, obviated any prejudice.

We have considered Teron's remaining arguments and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Although we find background information an unconvincing basis for the admission of the out-of-court statements, *see United States v. Johnson*, 529 F.3d 493, 500 (2d Cir. 2008), it does not change our conclusion as to the admissibility of the statements.

4